LEMUEL L. CROCKER, Appellant, *v.* THE CITY OF BUFFALO, Respondent.

McC., plaintiff's assignor, contracted with defendant to remove all the dirt, etc., from the paved streets and alleys of the city for a period of three years. After the execution and during the continuance of the contract additional streets were paved. In an action upon the contract, *held*, that the obligations of the contract extended to the newly-paved streets, and that McC. was not entitled to any compensation for cleaning them, beyond that fixed by the contract.

(Argued October 25, 1882; decided November 14, 1882.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, entered upon an order made June 23, 1881, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial without a jury.

The nature of the action and the material facts are stated in the opinion.

*George Clinton* for appellant. The court below erred in deciding that the work for which compensation is sought was included in the contract. (*Vom Hagen* v. *Van Rensselaer*, 18 Johns. 420; *Pitney* v. *Glens Falls Ins. Co.*, 61 Barb. 335; 1 Story on Cont., § 784; *Hutchins* v. *Groom*, 5 C. B. [Man. Gr. & S.] 515; 2 Pars. on Cont. 498, 560 [6th ed.], note *g; Matter of Upson*, 24 Hun, 650.) The learned judge did not err in concluding that the plaintiff was entitled to recover, if the work in question was " extra " work. (*Messenger* v. *Buffalo*, 21 N. Y. 196; *Harlem Gas Co.* v. *New York*, 3 Rob. 100; 33 N. Y. 309; *Nelson* v. *Mayor*, 63 id. 535; *Brady* v. *Mayor*, 20 id. 312; *S. F. G. L. Co.* v. *City*, 9 Cal. 453; *Argenti* v. *San Francisco*, 16 id. 255; Broome on Com. Law, 567; *Bartlett* v. *Amherstburg*, 14 U. C. Q. B. 152; *Fetterly* v. *Russell et al.*, id. 433; 1 Dill. on Mun. Corp., § 383; *Hall* v. *Buffalo*, 1 Keyes, 193.) Municipal corporations have been held liable upon implied contracts for work and services. (*Peterson* v. *Mayor*, 17 N. Y. 449, 453; *Bartlett* v. *Amherstburg*, 14 U. C. Q. B. 152; *Fetterly* v. *Russell et al.*, id. 433.)

As the city has received the benefit of McConnell's labors a liberal construction should be given to the contract in plaintiff's favor. (*People* v. *Flagg*, 17 N. Y. 584; 1 T. & C. 657.)

*P. A. Matteson* for respondent. The contract included all the streets, whether paved at the time or thereafter paved. (2 Kent's Com. 556; *Auburn City Bk.* v. *Leonard*, 40 Barb. 119; *Marvin* v. *Stone*, 2 Cow. 781; Greenl. Ev. 327; *Hardbrook* v. *Paddock*, 1 Barb. 635; *Doolittle* v. *Southworth*, 3 id. 97; *Whittemore* v. *Sloat*, 9 How. Pr. 317; *Spingstein* v. *Lawson*, 32 N. Y. 703.)

DANFORTH, J. The plaintiff is the assignee of one McConnell, and as such sues to recover for work and labor performed by him in cleaning certain portions of the streets and alleys of the defendant during a part of the years 1873 and 1875, and the whole of 1874. Among other answers, the defendant alleges that the work in question was done under a written contract, and fully paid for. The trial court sustains this defense. It rests upon a contract made August 1, 1872, between the defendant and McConnell, by which the latter agreed that he would from that date to August 1, 1875, remove all the dirt, filth, etc., from the paved streets and alleys of the city and each part or portion of them.

At the date of the execution of this contract there were upwards of sixty-nine miles of paved streets and alleys within the city, and thereafter and during each year of the continuance of the contract, additional streets or portions of streets were paved, in the aggregate amounting to about nine and one-half miles. The question is whether the contract obligation of McConnell extends to these new streets, or is limited to the streets as they existed when the contract was made.

We think the question was correctly answered by the trial court. The object of the contract was to secure, during a defined period, the cleaning of the streets of the city: not one street more than another, nor any one or all of them at one time rather than another. As the contract contemplated work

to be done during the whole time, and an effect to be secured during each day of that time, so it must be deemed to have intended to provide for such paved streets as at any time during the contract period existed in the city. " The matter in hand," and therefore the one which "must be presumed to be in the minds and thoughts" of the parties, was this object. There is no reason, therefore, for restraining the general words of the contractor, which, literally taken, require this construction.

The plaintiff wishes the court to interpolate a word or sentence, so that the agreement shall be confined to streets and alleys "now," or "at the date of the contract" existing. If this should be done, the object of the contract would be defeated, as well as the language of the parties. We think the intention is plainly expressed. The intention is the removal of dirt from the streets and alleys of the city during a period of time from August 1, 1872, to August 1, 1875. Not only does the language above quoted, by any fair construction, include all streets, etc., existing during that time, but subsequent provisions expressly do so. They not only declare that all the dirt, etc., from the several portions of the city shall be removed at certain hours on certain days during the entire period, but say that the districts named "include all the paved streets and alleys lying within" certain described territory. It is not claimed that any streets were newly paved outside of the territory embraced in the several districts. The construction contended for by the appellant is not warranted by any rule of exposition applicable to contracts. It follows, therefore, that the judgment appealed from should be affirmed.

All concur, except RAPALLO, J., absent.

Judgment affirmed.